IN THE COURT OF CRIMINAL APPEALS


OF TEXAS





NO. WR-39,607-05






FREDDIE WALLACE, Relator


v.


BRAZOS DISTRICT CLERK, Respondent






ON APPLICATION FOR A WRIT OF MANDAMUS

CAUSE NO. 05-03424-CRF-272-D

IN 272ND JUDICIAL DISTRICT COURT FROM BRAZOS COUNTY





 Per curiam.


O R D E R




 Relator has filed a motion for leave to file a writ of mandamus pursuant to the original
jurisdiction of this Court. In it, he contends that he filed an application for a writ of habeas corpus
in the 272nd Judicial District Court of Brazos County, that more than 35 days have elapsed, and that
the application has not yet been forwarded to this Court. He alleges that an order designating issues
was signed, but it is unclear whether that order was timely entered.

 In these circumstances, additional facts are needed. Upon receipt of an application for a writ
of habeas corpus challenging a final felony conviction, the attorney representing the State has 15
days to respond. See Tex. Code Crim. Proc. Art. 11.07, §(b). After the expiration of the time
allowed for the State to respond, the trial court is allowed 20 days to determine whether the
application contains allegations of controverted, previously unresolved facts material to the legality
of the applicant's confinement. Art. 11.07, §3(c). If the trial court determines that the application
for writ of habeas corpus presents such issues it "shall enter an order within 20 days of the
expiration of the time allowed for the state to reply, designating issues of fact to be resolved." Id. 
Article 11.07 does not authorize the trial court to extend the time limitations imposed by the statute,
other than by a timely entry of an order designating issues. McCree v. Hampton, 824 S.W.2d 578,
579 (Tex. Crim. App. 1992). Without a timely entry of an order designating issues, Article 11.07
imposes a duty upon the clerk of the trial court to immediately transmit to this Court the record from
the application for a writ of habeas corpus, deeming the trial court's inaction a finding that no issues
of fact require further resolution. Art. 11.07, §3(c).

 The respondent, the District Clerk of Brazos County, is ordered to file a response, which may
be made by: submitting the record on such habeas corpus application; submitting a copy of a timely
filed order which designates issues to be investigated, see McCree v. Hampton, 824 S.W.2d 578
(Tex. Crim. App. 1992); stating that the nature of the claims asserted in the application filed by
Relator is such that the claims are not cognizable under Tex. Code Crim. Proc. art 11.07, § 3; or
stating that Relator has not filed an application for habeas corpus in Brazos County. If the District
Clerk submits a copy of an order designating issues, the Clerk shall also inform this Court the date
that the State was served with the 11.07 writ application.

 This application for leave to file a writ of mandamus shall be held in abeyance until the
respondent has submitted the appropriate response. Such response shall be submitted within thirty
(30) days of the date of this order.



Filed: March 30, 2011

Do not publish